# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

CHARLES RUFUS THOMLEY, III,

    Plaintiff,

v.

RAMSEY BENNETT; LT. RALPH MILLER; HEATHER SPRADLY,

    Defendants.

CIVIL ACTION NO.: CV514-073

## O R D E R

This matter is before the Court on Plaintiff's Letter Motion for a Copy of Entire Case File, and Plaintiff's Motions for Appointment of Counsel. (Doc. 38, Doc. 41, Doc. 42, & Doc. 46.) In these Motions, Plaintiff requests that the Court appoint counsel to represent him and also requests that this case be stayed until he is released from incarceration and can obtain counsel. After careful consideration, these Motions are **DENIED**. Additionally, Plaintiff requests that the Court change the venue of his cases proceeding in state court. (Doc. 41.) For reasons set forth below, this Motion is also **DENIED**.

### I.  Plaintiff's Letter Motion for a Copy of Entire Case File

Plaintiff has requested that the Court provide him a copy of his entire case file relaying that most of his documents were thrown away in a jail "shake down." (Doc. 38.) To the extent that Plaintiff is requesting the Court provide him copies of pleadings at no cost to Plaintiff, that request is **DENIED**. Plaintiff is directed that he may purchase copies of any pleadings directly from the Clerk and that the fees associated with reproducing any paper record is $0.50 per page. Therefore, the Clerk of the Court is AUTHORIZED and DIRECTED to forward a copy of the

docket of this case to Plaintiff at no charge so that he may determine which filings to purchase from the Clerk. After reviewing the docket sheet, Plaintiff should communicate directly to the Office of the Clerk which documents he seeks to purchase. As Plaintiff has previously provided consent to the collection of fees in this case, any costs associated with his request for copies will be deducted from his prison trust account.

## II.     Plaintiff's Motions To Appoint Counsel

Plaintiff has repeatedly requested that the Court appoint counsel to assist him in this matter. (Doc. 41, Doc. 42, Doc. 46.) Defendant has filed a response in opposition to Plaintiff's Motion. (Doc. 43) As the Court pointed out in its prior order denying Plaintiff's first Motion to Appoint Counsel, there is no constitutional right to appointed counsel in a civil case such as this one, brought pursuant to 42 U.S.C. § 1983. Therefore, in the absence of the showing of an exceptional circumstance, the Court is not inclined to appoint counsel to assist Plaintiff. Wahl vs. McIver, 773 F.2d 1169 (11th Cir. 1985). The Court does not ascertain that circumstances have changed since its Order denying Plaintiff's first Motion to Appoint Counsel in any manner that would warrant the Court revisiting that decision. Accordingly, Plaintiff's motion for the appointment of counsel is **DENIED**.

## III.     Plaintiff's Motion for Stay

Furthermore, in his April 15, 2015 filing titled Motion (doc. 42), in addition to requesting that the Court appoint counsel to assist him, Plaintiff appears to request a stay of the proceedings in this case until such a time as he is able to "be released and obtain counsel on his own." Liberally construing this request as a Motion to Stay and absent a finding of good cause, Plaintiff's Motion is hereby **DENIED**.

### IV. Plaintiff's Motion for a Change of Venue

Lastly, in his April 9, 2015 filing, Plaintiff requests that this Court "look into Plaintiffs (sic) criminal case and charges in Pierce and Ware counties in the State of Georgia." (Doc. 41, p. 1.) Plaintiff goes on to request that the Court order these state cases to be transferred to a different venue. This Court is without authority to grant this request.

The Rooker–Feldman doctrine, as enunciated in District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), holds that lower federal courts cannot engage in appellate review of state court decisions. Feldman, 460 U.S. at 482. The Court reasoned that once in the state court system, litigants must exhaust all means of appeals in that system. Id. at 483. Although it is difficult to understand Plaintiff's pleadings, it appears that his motion for a change of venue seeks to contest and circumvent state court rulings, which is exactly what the Rooker–Feldman doctrine prohibits.

Second, insofar as Plaintiff is asking this Court to inject itself into the state cases' ongoing proceedings, the Younger abstention doctrine bars Plaintiff's Motion. Under the Younger abstention doctrine, a federal court must abstain from exercising jurisdiction over a case where there is an ongoing state action. See Younger v. Harris, 401 U.S. 37 (1971). In Younger, the Supreme Court held that a federal court should not enjoin an ongoing state criminal court proceeding. The current status of Plaintiff's state criminal cases is unknown to the Court, but if the state cases are still ongoing, then the Younger doctrine clearly prevents this Court from issuing an order transferring those criminal cases to a different venue.

For these reasons, Plaintiff's Motion to Change Venue is **DENIED.**

**SO ORDERED**, this 29th day of May, 2015.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　R. STAN BAKER
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE
　　　　　　　　　　　　　　　　SOUTHERN DISTRICT OF GEORGIA